**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 19 2018 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**CV 18-5272**

| | | |
|---|---|---|
| EMPRESARIO EN DESARROLLO, CORP. | ) | **Case No.: 18-cv-_____** |
| | ) | |
| Plaintiff, | ) | **JURY DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | |
| MARIA PASTRANA, JULIO PASTRANA, | ) | COGAN, J. |
| JUANA POLONSKI, DEMAN SALOMON | ) | |
| MYVETT, and JUAN CARLOS FUENTES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, by his undersigned attorneys, sets for the following as its complaint against the above-named defendants:

**The Parties**

1.      Plaintiff Empresario En Desarrollo, Corp., is a domestic corporation formed under the Laws of the State of New York, with its principal office located with this judicial district in Queens County, New York.  Plaintiff's primary business operation is the distribution and sale of gourmet coffees under the trademark, ORGANOVIT.

2.      Defendant Maria Pastrana, is a resident of the State of California, and a former independent contractor of Plaintiff.  Upon information and belief, Defendant Maria Pastrana resides at 527 Tullock Street, Floor 1, Bloomington, California 92316.

3.      Defendant Julio Pastrana, is a resident of the State of California, and a former independent contractor of Plaintiff.  Upon information and belief, Defendant Maria Pastrana resides at 527 Tullock Street, Floor 1, Bloomington, California 92316.

4.     Defendant Juana Polonski is a resident of the State of California, and a former independent contractor of Plaintiff. Upon information and belief, Defendant Maria Pastrana resides at 48 Chester Street, Daly City, California 94014.

5.     Defendant Juan Carlos Fuentes is a resident of the State of California, and a former independent contractor of Plaintiff. Upon information and belief, Defendant Juan Carlos Fuentes resides at 2448 N. Naomi Street, Burbank, California 91504.

### Nature of the Action

6.     This is a diversity action for breach of contract, breach of the implied covenant of good faith, unfair competition under the Lanham Act, and tortious interference with business relations.

### Jurisdiction and Venue

7.     The jurisdiction of this Court is invoked under 28 U.S.C. §1338(a), as it is an action arising under Acts of Congress relating to the Lanham Act, 15 U.S.C. §1051 *et seq.*, specifically, 15 U.S.C. §1125 (a)(1)(B). This Court has pendent jurisdiction over claims arising under State law pursuant to 28 U.S.C. §1338(b).

8.     This Court also has diversity jurisdiction over the controversy as it involves the citizens and residents of different States, and the amount inn controversy is in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. §1332.

9.     Venue is proper within this judicial district pursuant to 28 U.S.C. §1391(c)(2), as Plaintiff maintains its principal place of business within the judicial district.

### Facts Common to All Causes of Action

10.     During the month of January 2018, while within the State of New York, each of the Defendants entered into separate form agreements ("Sales Rep Agreement") to

become sales representatives to market and sell Plaintiff's organic gourmet coffee under the brand and trademark Organovit.

11.     Each Sales Rep Agreement entered into by each of the Defendants required that Plaintiff's information provided to the Defendants was confidential and proprietary, specifically but without limitation, customer lists, "price points," marketing plans, strategic business market expansion and sales techniques.

12.     Each Sales Rep Agreement also provided that upon the termination of the contractual relationship, all physical and digital copies of Plaintiff's proprietary information within Defendants' possession had to be returned or destroyed by Defendants upon the termination of the relationship between Plaintiff and Defendants.

13.     Each Sales Rep Agreement required that any of Plaintiff's proprietary information in the Defendants' possession must be used solely for the Plaintiff's benefit.

14.     Each Sales Rep Agreement required that none of the Defendants may start a competing business or work for a competing business in Plaintiff's relevant market.

15.     Starting at least as early as May 2018, Defendants coordinated a campaign to post on various social media platforms, available within and without this judicial district, Plaintiff's proprietary information.

16.     Starting at least as early as May 2018, Defendants coordinated a campaign to post on various social media platforms, available within and without this judicial district, false or misleading information about Plaintiff, in an effort to discourage prospective sales representatives to work with Plaintiff.

17.      Starting at least as early as May 2018, Defendants coordinated a campaign to post on various social media platforms, available within and without this judicial district,

false or misleading information about Plaintiff, in an effort to recruit representatives to work for Plaintiff's competitors.

18.    Starting at least as early as May 2018, each of the Defendants contacted other sales representatives contractually bound with Plaintiff and urged these representatives to leave their association with Plaintiff.

19.    In June 2018, Plaintiff transmitted "cease and desist" letters to each of the Defendants warning of their breaches to the Sales Rep Agreement.

20.    All of the Defendants ignored Plaintiff's written warnings and failed to respond in any manner.

## First Cause of Action

### (Breach of Contract – Actual Damages)

21.    Plaintiff repeats each of the allegations set forth in Paragraphs "1" through "20," as if more fully set forth herein.

22.    The Sales Rep Agreement between Plaintiff and Defendants required that they would not publicly release Plaintiff's proprietary information for any purpose other than for the Plaintiff's commercial benefit.

23.    Defendants used Plaintiff's proprietary information in their possession for the purposes of causing economic harm to Plaintiff and/or to advance the business interest of Plaintiff's competitors.

24.    Defendants' improper use of Plaintiff's proprietary information was a breach of Defendants' Sales Rep Agreement with Plaintiff.

25.    As a result of Defendants' breaches, Plaintiff has been damaged in an amount to be proven at trial but is believed to be in excess of at least $100,000.

## Second Cause of Action

### (Breach of Implied Covenant of Good Faith)

26.     Plaintiff repeats each of the allegations set forth in Paragraphs "1" through "25," as if more fully set forth herein.

27.     In Defendants' social media posts complained of herein, Defendants included false, misleading and disparaging statements about Plaintiff and its products.

28.     The Sales Rep Agreement contains a specific clause prohibiting former sales representatives from making any disparaging statements or opinions against Plaintiff. Defendants' false, misleading and disparaging public statements constitute a breach of the implied covenant of good faith.

29.     Upon information and belief, Defendants breach of the implied covenant of good faith has caused some of Plaintiff's other sales representatives and prospective sales representatives to terminate their association with Plaintiff.

30.     As a result of the breach of the implied covenant of good faith, Plaintiff has been damaged in an amount to be determined at trial but these damages are believed to be at least $100,000.

## Third Cause of Action

### (Violations of 15 U.S.C. Section 1125 (a)(1)(B))

31.     Plaintiff repeats each of the allegations set forth in Paragraphs "1" through "30," as if more fully set forth herein.

32.     In recent years, many companies and entrepreneurs have used social media to advertise and promote their brands.

33.     Defendants have used their social media posts to make false and misleading statements as to the nature and qualities of Plaintiff's coffees and its sales techniques within the relevant market and in doing so, they have identified both the Plaintiff's corporate name and its trademark Organovit.

34.     These false statements have been made in conjunction with posts used to promote Defendants' competing goods and services.

35.     Defendants false and misleading statements used in their promotional posts have damaged Plaintiff in violation of 15 U.S.C. §1125 (a)(1)(B).

36.     As a result of Defendants' violations of 15 U.S.C. §1125 (a)(1)(B), Plaintiff has been damaged in an amount to be determined at trial but these damages are believed to be at least $50,000.

### Fourth Cause of Action

### (Tortious Interference With Contract and Prospective Business Relations)

37.     Plaintiff repeats each of the allegations set forth in Paragraphs "1" through "36," as if more fully set forth herein.

38.     Plaintiff had numerous Sales Rep Agreements with persons other than the Defendants.

39.     Defendants had knowledge of Plaintiff's other sales representatives and purposefully and willfully interfered with these relationships by encouraging these representatives to terminate their relationships with Plaintiff.

40.     Defendants had knowledge of persons who expressed interest in becoming sales representatives for Plaintiff and made inquires.

41.     Defendants learned of these prospective sales representatives and actively, intentionally and purposefully discouraged these prospects from working with Plaintiff.

42.     These activities constitute tortious interference with existing contractual relationships and prospective contractual relationships under New York State law.

43.     As a result of Defendants' tortious interference with contractual relations, Plaintiff has been damaged in an amount to be determined at trial but these damages are believed to be at least $50,000.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court grant judgment over and against Defendants and award the following relief:

a. a monetary damages award of at least $100,000 for the First Cause of Action;

b. a monetary damages award of at least $100,000 for the Second Cause of Action;

c. a monetary damages award of at least $50,000 for the Third Cause of Action;

d. a monetary damages award of at least $50,000 for the Fourth Cause of Action;

e. preliminary and permanent injunctive relief enjoining Defendants, jointly and severally, from engaging in the illegal and wrongful conduct complained of herein;

f. pre-judgment interest, costs and all other and further relief deemed just and appropriate by the Court.

Dated: New York, New York
      September 12, 2018

                      John A. Dalley (JD2397)
                      Dalley Law Firm, P.C.
                      Attorneys for Plaintiff
                      500 Fifth Avenue, Suite 3020
                      New York, New York 10110
                      Phone: (212) 931-5500
                      Email: jdalleyesq@gmail.com

## CORPORATE DECLARATION & VERIFICATION

Cesar Juarez, declares the following under the penalty of perjury:

I am the president of Plaintiff Empresario En Desarrollo, Corp.  I have reviewed the

foregoing complaint and that the allegations contained therein are true, correct and

alleged in good faith, to the best of my personal knowledge.

Dated: New York, New York
       September 13, 2018

Cesar Juarez, President
Empresario En Desarrollo, Corp.

**Page 9 of 9**