UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMPRESARIO EN DESARROLLO, CORP.,<br><br>Plaintiff,<br><br>v.<br><br>MARIA PASTRANA, et al.,<br><br>Defendants. | Case No. 19-cv-01495-HSG<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE** |

Plaintiff Empresario En Desarrollo, Corp., initially brought this case against its former independent contractors, Defendants Maria Pastrana, Julio Pastrana, Juana Polonski, Deman Salomon Myvett, and Juan Carlos Fuentes, in the Eastern District of New York. *See* Compl., Dkt. No. 1. The case was transferred to this Court in March because Defendants reside in California. *See* Dkt. Nos. 33, 34.

Counsel for Plaintiff moved to withdraw. *See* Dkt. No. 74.[1] The Court set a hearing on the motions to withdraw and the initial case management conference for July 30. *See* Dkt. No. 125. The Court ordered counsel for Plaintiff and Defendants to appear at the hearing in person, *id.*, and because Plaintiff is a corporation, ordered a representative for Plaintiff to appear in person, Dkt. No. 126.

Neither counsel for Plaintiff nor a representative for Plaintiff appeared at the July 30 hearing. Nor did counsel for Defendants. Only Fuentes (by phone), Polonski (in person), and Myvett (in person) were present for the hearing.[2] Given the non-participation of Plaintiff, the

---

[1] In addition, Defendants, using the ECF access granted to Fuentes, filed what they styled as motions to withdraw their counsel. *See* Dkt. Nos. 56, 90, 95, 101, 107.

[2] Maria Pastrana and Julio Pastrana checked in to CourtCall but appear to have been disconnected before the hearing began.

Court was unable to hold the initial case management conference or consider the pending motions to withdraw.

Federal Rule of Civil Procedure 41(b) provides that where a "plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." But a defendant need not file a motion in order for a district court to dismiss a case under Rule 41(b), given the Supreme Court's statement that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs[.]" *See Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

Accordingly, Plaintiff is ordered **TO SHOW CAUSE** why this case should not be dismissed for failure to prosecute. Because Plaintiff counsel's motion to withdraw was neither granted nor heard, counsel is **DIRECTED** to share this order with his client. Plaintiff, appearing through present counsel or newly retained counsel, shall file a statement of no more than two pages by August 6, 2019 explaining why the case should not be dismissed in light of the facts described above.[3]

**IT IS SO ORDERED.**

Dated: 7/631/

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] Plaintiff and its counsel are reminded that a "corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court" and may not proceed *pro se*. *See* Civil L.R. 3-9(b).

2