| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | UNITED STATES DISTRICT COURT |
| 5 | NORTHERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| EMPRESARIO EN DESARROLLO, CORP., <br><br> Plaintiff, <br><br> v. <br><br> MARIA PASTRANA, et al., <br><br> Defendants. | Case No. 19-cv-01495-HSG <br><br> **ORDER DISMISSING CASE** <br><br> Re: Dkt. Nos. 127, 129 |

On September 19, 2018, Plaintiff Empresario En Desarrollo, Corp. brought this diversity action against Defendants Maria Pastrana, Julio Pastrana, Juana Polonski, Deman Salomon Myvett, and Juan Carlos Fuentes, in the Eastern District of New York. *See* Dkt. No. 1. On March 20, 2019, the case was transferred to this Court because all Defendants reside in California. *See* Dkt. Nos. 33, 34. Both counsel for Plaintiff and for Defendants subsequently moved to withdraw. *See* Dkt. Nos. 56, 74, 90, 95, 101, 107.

The Court set a hearing on the motions to withdraw and the initial case management conference for July 30, 2019. *See* Dkt. No. 125. The Court ordered counsel for Plaintiff and Defendants to appear at the hearing in person, *id.*, and because Plaintiff is a corporation, ordered a representative for Plaintiff to appear in person, Dkt. No. 126. Neither counsel for Plaintiff nor a representative for Plaintiff appeared at the July 30 hearing. Counsel for Defendants also failed to appear at the hearing. Given the non-participation of Plaintiff, the Court was unable to hold the initial case management conference or consider the pending motions to withdraw. *See* Dkt. No. 128. Following the hearing, the Court issued an order to show cause why Plaintiff's case should not be dismissed for failure to prosecute. *See* Dkt. No. 127. Plaintiff failed to respond by the August 6, 2019, deadline.

On August 13, 2019, Defendants filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11 contending that Plaintiff's case is frivolous and was intended solely to harass. *See* Dkt. No. 129. Defendants note that Plaintiff has not supported its claims and in fact has failed to respond to the Court's orders and deadlines. *Id.*

A court may dismiss a claim for failure to prosecute or for failure to comply with a court order after weighing the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, the first two factors, the public's interest in expeditious resolution of litigation and the Court's need to manage its docket, weigh in favor of dismissal. This case has been pending since 2018, and in that time, Plaintiff has had ample opportunity to advance its case. Instead, Plaintiff failed to appear at the initial case management conference and missed Court-imposed deadlines.

The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal. There is a rebuttable presumption of prejudice to a defendant that arises when a plaintiff unreasonably delays litigation. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Plaintiff's failure to respond in any way to the Court's order to show cause is unreasonable and indicates Plaintiff's apathy toward litigating this case.

The fourth factor, public policy favoring disposition of cases on their merits, generally weighs against dismissal. Nevertheless, here, the Court has no reason to believe that this case will proceed to trial. Plaintiff's counsel has indicated a desire to withdraw, and to date Plaintiff has not identified new counsel or even a representative of the corporation. As the Court previously cautioned Plaintiff, "[a] corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court." *See* Dkt. No. 126 (citing Civil L.R. 3-9(b)).

Lastly, the fifth factor, availability of less drastic sanctions, also weighs in favor of dismissal. As stated above, this case simply is not moving toward resolution. Without new

counsel representing Plaintiff and Plaintiff's active participation, the case cannot be resolved, nor can the Court fashion a lesser sanction.

Accordingly, the Court **DISMISSES** this action without prejudice for failure to prosecute. Given the posture of the case, however, the Court cannot determine that bringing the action was a sanctionable event, and therefore **DENIES** Defendants' motion for sanctions under Federal Rule of Civil Procedure 11. The clerk is directed to enter judgment in favor of Defendants and against Plaintiff and to close the case.

**IT IS SO ORDERED.**

Dated: 8/19/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge